# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE V. WILLIAMS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-12-cv-1314 |
| BOBBY P. SHEARIN, et al, | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending is a Motion to Dismiss, or in the alternative, for Summary Judgment filed on behalf of Defendants McAlpine,[1] Grubb and Shearin.[2] ECF No. 15. Plaintiff has responded. ECF No. 17 & 18. Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motion to Dismiss, construed as a Motion for Summary Judgment, will be GRANTED.

## Background

Williams, a self-represented inmate housed at the Western Correctional Institution ("WCI"), initiated these proceedings alleging that he was denied access to hygiene items and that Defendant King failed to protect him from an assault by another inmate. ECF No. 1.

A. Hygiene items

Plaintiff states that on October 23, 2011, Plaintiff gave Defendant Grubb a welfare commissary order form. Plaintiff did not receive his commissary. He states that he filed an administrative remedy request to the Warden which was not signed by an officer until October 29, 2011. Plaintiff states that on October 27, 2011, he mailed a request form to Defendant McAlpine.

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Defendant McAlpine's name.

[2] Defendant King has not been properly served with the Complaint. For the reasons that follow, even if King had been served, Plaintiff's complaint against him would be subject to dismissal.

Plaintiff received a response from McAlpine on October 29, 2011, informing him that he should request welfare items from the 7-3 shift tier officers. Plaintiff states that he requested but never received personal hygiene items including soap, toothpaste, toothbrushes, soap for washing clothes, deodorant, and stationary items. Plaintiff states he was unable to shower for a month and three weeks, and developed skin infections which spread over his body. He states that he was unable to brush his teeth resulting in infected and bleeding gums. He states that the denial of hygiene items also created a problem in his cell because he had to wear and keep dirty clothing in his cell. ECF No. 1.

The documentary evidence demonstrates that in October, 2011, Plaintiff was housed at the North Branch Correctional Institution ("NBCI"). NBCI requires indigent inmate welfare requests to be turned in by the third Sunday of each month. ECF No. 15, Exs. 2, 3 & 4. Plaintiff was aware of the deadline. Moreover, the commissary form indicates it is "due on the third Sunday of the month." *Id*., Ex 2 & 3. In October of 2011, the third Sunday of the month fell on October 16. On October 23, 2011, Plaintiff turned in a welfare package request to Officer Grubb who followed protocol and turned the form in to be processed.[3] *Id*., Ex. 1 & 2. The Commissary received the request the same day. It is undisputed that Plaintiff filed his indigent commissary request a week late. *Id*., Ex. 1 & 3. Inmate welfare packages are delivered on the Friday of the first full week of the month after they are received. *Id*., Ex. 4. Late requests are processed for the following month. *Id*., Ex. 6.

Segregation confinement records for October and November, 2011, demonstrate that Plaintiff took two showers a week through the month of October. *Id*., Ex. 5. Records also

---

[3] For the first time, in his opposition to Defendants' dispositive motion, Plaintiff claims that Grubb failed to provide him a welfare commissary request form prior to October 16, 2011. It is noted that Plaintiff failed to allege that he was denied access to the form in his original complaint or in any of the administrative remedy requests he filed relative to his commissary claim.

demonstrate that when Plaintiff transferred from NBCI to WCI he had thirty hygiene items, the maximum allowed. *Id*., Ex. 10. It is unclear to the Court whether Plaintiff actually had access to these items while he was housed on segregation status, or whether these items were stored during his segregation confinement and released to him upon his transfer.

Plaintiff was transferred to the WCI on November 10, 2011. Exs 5, 7 & 8. When Plaintiff entered WCI he received an inmate care pack containing a bar of soap, toothpaste, a toothbrush, a razor, shaving cream, deodorant, shampoo, a towel, and other hygiene items. *Id*., Exs. 9-11. Officer Lambert of NBCI attempted to deliver Plaintiff's welfare commissary package to him on December 2, 2011, but Plaintiff's transfer had already occurred.

Medical records indicate that although Plaintiff was seen by medical staff during the time he was without hygiene items he neither complained of, nor received, any treatment for oral or skin infections.[4] No oral or skin problems were mentioned during his medical intake following his transfer to WCI. *Id*., Ex. 14.

B.  Failure to Protect

Plaintiff claims that on July 18, 2010, he was attacked by another inmate wielding a battery in a sock. Plaintiff was charged by Defendant King with an inmate rule infraction. King wrote on the Notice of Rule Violation that at the time of the incident he was stationed inside the control desk during mass movement of inmates returning from meal service and that he observed Plaintiff and another inmate exchanging punches. Plaintiff states that King was assigned to the D-tier desk and should not have been at the control desk. Plaintiff states that King's failure to be at the D-tier desk meant that his safety was not properly protected during the mass movement. *Id*.

---

[4] Petitioner has provided a photo copy of an unused "adhesive bandage" in its package (Ex. 53) and an opened single use (0.9 gm) triple antibiotic ointment package. ECF No. 54. There is no indication where these items came from or their use. Moreover, their singularity and size call into doubt Plaintiff's claims of skin infections over his body.

## Standard of Review

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B.  Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the

burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.  Warden

Williams levels no allegations against Warden Shearin. As a fundamental element of § 1983 liability, Plaintiff must show that Shearin was personally involved in the alleged deprivation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1997) (doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 actions). There is no showing that Shearin was directly involved in the denial of hygiene items to Plaintiff or in the mass movement of inmates during which Plaintiff was attacked. Further, while supervisory liability may attach under § 1983, such culpability is not tied to Shearin because Plaintiff has failed to establish that: (1) Shearin had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) Shearin responded to that knowledge so inadequately as to show deliberate inference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between Shearin's inaction and Plaintiff's alleged constitutional injury. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). For these reasons, the Motion for Summary Judgment shall be granted as to Shearin.

B.  Hygiene Items

Plaintiff states his claims regarding denial of hygiene items as a violation of his right to due process. ECF No. 1. In the case of lost or stolen property, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S.

527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[5] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[6]

His claim as to the failure to provide hygiene items is, however, more properly considered under the Eighth Amendment. Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that "the deprivation of [a] basic human need was *objectively* sufficiently serious," and that "*subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) *citing Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U. S. at 298. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger

---

[5] Plaintiff may seek relief through the Maryland's Tort Claims Act and the Inmate Grievance Office.

[6] *Juncker* relied on *Parratt* in dismissing a plaintiff's due process claims. Accordingly, although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property.

to his safety and they could avert the danger easily yet they fail to do so." *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010), *quoting Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir.2002). Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly-established pre-existing law. *See Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003). The key in determining whether prison conditions become cruel and unusual is to examine the effect on the inmate. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981).

Defendants' actions are not actionable unless, "in light of preexisting law the unlawfulness of those action is apparent." *Iko v. Shreve*, 535 F. 3d 225, 238 (4th Cir. 2008) *citing Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "We do not require of such officials the legal knowledge culled by the collective hindsight of skilled lawyers and learned judges, but instead only the legal knowledge of an objectively reasonable official in similar circumstances at the time of the challenged conduct." *Johnson v. Caudill*, 475 F. 3d 645, 650 (4th Cir. 2007).

In the instant case no bright line was crossed in failing to provide Plaintiff with hygiene

items for 18 days (from October 23, 2011-the date Plaintiff turned in his request for hygiene materials—and November 10, 2011—the date he received a welfare package). The record evidence demonstrates that Plaintiff failed to request the hygiene items in a timely manner and that he was aware of the need for doing so. Additionally, he was provided the opportunity to shower twice weekly over the 18 day period, even if the showers occurred without soap or shampoo. Similarly, there is no indication that Plaintiff was unable to rinse out his clothing despite not having soap to facilitate the washing of same. Nor, is there any indication that Plaintiff did not in fact possess a toothbrush, albeit no toothpaste, during the 18 days he did not receive his welfare commissary package. The conditions as described by plaintiff were not so severe that defendants could be charged with "fair warning that their conduct was unconstitutional." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F. 3d 2929, 313 (4th Cir. 2006); *see also Beveratti v. Smith,* 120 F.3d 500, 504 (4th Cir. 1997) (even if inmates found cells infested with vermin, smeared with human feces and urine, flooded with water, and unbearably hot…conditions in administrative segregation were not so atypical that exposure to them for six months imposed significant hardship-dismissing plaintiff's due process claims regarding confinement to administrative segregation.) The discomforts experienced by Plaintiff were less than ideal, but did not impose cruel and unusual punishment on Plaintiff. This conclusion is supported by the absence of proof of significant, serious physical or psychological injury resulting from Plaintiff's temporary denial of hygiene items.

C. Failure to Protect

Plaintiff alleges that Defendant King was deliberately indifferent in failing to provide adequate supervision and security to protect him and as such his right to be free from cruel and unusual punishment has been violated. The Eighth Amendment does recognize this right. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

As noted by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994).

> Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 833 (internal quotations and citations omitted). In a failure to protect claim, a prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. *Id.* at 834. It is not enough that an officer *should have* recognized a risky, rather they actually must have perceived the risk. *See Rich v. Bruce,* 129 F.3d 336, 340 n. 2 (4th Cir.1997). Second, the evidence must show that the official in question subjectively recognized that his actions were "inappropriate in light of that risk." *Id*.

Plaintiff's allegations fail to meet this standard. All Plaintiff has alleged is that King was not at his assigned duty station. He does not allege that King was at a different duty station in order to facilitate the attack on Plaintiff, or that King was aware that an attack was imminent, and disregarded the known risk. To the contrary, Plaintiff's allegations, at most, allege an act of negligence because King was in a location other than that assigned to him during the mass movement of inmates. Such allegations fail to state a constitutional claim.

## Conclusion

For the aforementioned reasons, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted. A separate Order follows.


Dated: May 22, 2013                                          /s/
                                                    Alexander Williams, Jr.
                                                    United States District Judge